**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2840
_____

KENNETH E. THORNTON,
Appellant

v.

BEAVER COUNTY, in her official capacity; DAYNA REVAY, in her individual and official capacity; JULIE FRANZAGLIO, in her individual and official capacity; NICOLE DICICCIO; DAVID REESE, in his individual and official capacity; ROBIN BERTUCCI; TONI WHITELEATHER, in her individual and official capacity; VICTOR COLONNA, in his individual and official capacity; ALIQUIPPA SCHOOL DISTRICT, in her official capacity; PETER CARBONE, in his individual and official capacity; MARLENE EVERETTE, in her individual and official capacity; CHRISTINA WHITE, in her individual and official capacity; DAVID WYTIAZ, in his individual and official capacity; LISA JONES, in her individual capacity; SHARON BUCKLEY; THERESA MATTEO; LUCILLE WYTIAZ, in her individual and official capacity; MIDLAND SCHOOL DISTRICT, in her official capacity; SEAN TANNER, in his individual and official capacity; BRENDA MILITELLO, in her individual and official capacity; BOROUGH OF MIDLAND, in her official capacity; KEITH MCCARTHY, in his individual and official capacity; MITCHELL HIMES, in her individual and official capacity; ANTHONY QUINN, in his individual and official capacity; CHARLES GALERENZO, in her individual and official capacity; MARCUS LITTLE, in his individual and official capacity; CITY OF ALIQUIPPA, in her official capacity; DWAN WALKER, in his individual and official capacity; BOROUGH OF OHIOVILLE, in her official capacity; DOUGLAS EDGELL, in his individual and official capacity; BONNIE SEDLACEK, in her individual and official capacity; COUNTY OF LAWRENCE, in her official capacity; JOHN BOUT, in his individual and official capacity; WILLIAM BETZ, JR., in his individual and official capacity; FRANK MERLINO, in his individual and official capacity; ALEXANDER KWIAT, in his individual and official capacity; COUNTY OF ALLEGHENY, in her official capacity; SUSAN MARCONE, in her individual and official capacity; CHRISTINE MONTAGUE, in her individual and official capacity; ROBERT MASTERS, in his

individual and official capacity; REBECCA PANTALL, in her individual and official capacity; DEPARTMENT OF HUMAN SERVICES; VALERIE ARKOOSH, Secretary

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00198)
District Judge:  Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2026
Before:  HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed June 30, 2026)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Kenneth Thornton filed a complaint in the District Court against fifty-eight local agencies and actors, alleging that they conspired against him for approximately fifteen years by falsely accusing him of child abuse.  He claimed that the defendants were liable for civil conspiracy, substantive and procedural due process violations, false arrest, false imprisonment, and intentional infliction of emotional distress.  He sought $40 billion in damages.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court dismissed several claims in the original complaint with prejudice and provided Thornton leave to amend others. Thornton filed three more complaints. The defendants, in various groupings, then moved to dismiss the operative third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted their motions and dismissed the third amended complaint with prejudice. Thornton appealed.[1]

We will affirm. We agree with the District Court's analysis of Thornton's claims and need not repeat its reasoning here. We address only the arguments that Thornton developed in his opening brief and deem all other potential challenges forfeited. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

Thornton devotes the bulk of his brief to arguing that his rights under the Fifth Amendment's Double Jeopardy Clause were violated when, based on the alleged child abuse, he was both criminally prosecuted and placed on the Pennsylvania ChildLine Registry. But Thornton did not present a Fifth Amendment claim in the District Court. Therefore, we will not consider it here. *See Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's decision to grant a Rule 12(b)(6) motion is plenary. *See Curry v. Yachera*, 835 F.3d 373, 377 (3d Cir. 2016). We recognize that the District Court dismissed Thornton's claims against the two non-moving defendants without prejudice because they had not been properly served, and they had not entered appearances in the case. The dismissal of these claims without prejudice does not affect the finality of the District Court's order. *See Gomez v. Gov't of the V.I.*, 882 F.2d 733, 736 (3d Cir. 1989) ("[A] named defendant who has not been served is not a 'party' within the meaning of Rule 54(b).").

3

(3d Cir. 2021) ("[A]rguments raised for the first time on appeal are not properly preserved for appellate review."). In any event, the Double Jeopardy Clause is not implicated in this case because Children & Youth Services's act of placing him on the registry was not punitive in nature. *Cf. E.B. v. Verniero*, 119 F.3d 1077, 1105 (3d Cir. 1997) (holding that community notification under Megan's Law does not constitute punishment for purposes of the Double Jeopardy Clause).

Thornton also argues that his procedural due process rights were violated when he was listed as a child abuser in the Pennsylvania ChildLine Registry. According to Thornton, he was entitled to a "pre-deprivation" hearing before being identified as an "indicated" and then "founded" abuser. Thorton Br. at 7. As the District Court explained, however, he was able to challenge those listings when he successfully appealed and received a hearing. *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Cf. Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 240 (3d Cir. 2013) (holding that plaintiffs' inability to challenge the county agency's child-abuse findings until after its report was submitted to ChildLine did not deprive him of due process because he was able to challenge it through the appeals process).

Next, Thornton challenges the District Court's determination that he failed to state conspiracy claims under 42 U.S.C. §§ 1983, 1985, and 1986. He contends that, contrary to the District Court's determination, he repeatedly stated throughout the operative

4

complaint that there was an agreement among the alleged conspirators. But he had to set forth facts to support his allegation that an affirmative agreement was made, "in other words, plausible grounds to infer an agreement." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quotations omitted).

Because the District Court correctly concluded that Thornton failed to state plausible claims for these causes of action, we need not consider his objections to the District Court's findings concerning service of process. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) (stating that while courts usually assess service-of-process before turning to the Rule 12(b)(6) determination, departures from this sequence may be sanctioned when the plaintiff has failed to state a claim). Accordingly, we will affirm.